UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-425-GWU


WILLIE WYNN,                                                          PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


## INTRODUCTION

Willie Wynn brought this action to obtain judicial review of an unfavorable administrative decision of his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

06-425 Wynn

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

06-425 Wynn

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Dacron

3

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Valley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wynn, a 54 year-old former truck driver, welder, scoop operator and clean-up man with a "marginal" education, suffered from impairments related to paraspinal muscle spasms with decreased range of motion of the lumbar spine, essential hypertension, and borderline intelligence.  (Tr. 361, 363).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 367).  Since the claimant would be able to return to his past truck driving work, he could not be considered totally disabled.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is still not supported by substantial evidence.  The ALJ has again failed to properly evaluate the evidence of record relating to Wynn's physical condition.  Since the evidence of disabled status is not overwhelming, another remand of the action for further consideration is required.

This action was previously reversed and remanded by the undersigned because the ALJ did not deal properly with the evidence of record relating to Wynn's

4

physical condition. (Tr. 388-389). Dr. Cary Twyman, a treating physician, identified the existence of more severe physical restrictions than were found by the ALJ. (Tr. 388). His opinion was not properly offset in the record. (Tr. 389). Thus, a remand was required.

Following remand of the action, Wynn was examined by Dr. David Hiestand. Dr. Hiestand noted chronic back pain, osteoarthritis, a history of tobacco abuse and a history of carpal tunnel syndrome. (Tr. 410). The doctor identified the existence of a number of restrictions including: (1) an inability to sit for more than a total of four hours a day; (2) stand or walk for more than a total of four hours a day; (3) lift more than 50 pounds on an occasional basis or more than 20 pounds continuously; (4) an inability to more than occasionally bend, squat, crawl, climb, or reach above shoulder level; and (5) a "mildly" limited ability to be exposed to unprotected heights. (Tr. 411). The ALJ relied upon this opinion to offset that of Dr. Twyman and support a finding that medium level work could be performed. (Tr. 362).

The ALJ obtained vocational testimony from James Miller at the administrative hearing. However, the ALJ omitted several restrictions which were noted by Dr. Hiestand. These included the limitations with regard to sitting, standing, walking, reaching above shoulder level, and bending. (Tr. 431). Thus, the vocational factors considered by the expert were not consistent with the doctor's opinion. The restrictions concerning sitting, standing and walking were particularly important in this action. Wynn noted on the Vocational Report that his truck driving

5

work had required him to sit for eight to ten hours a day.  (Tr. 99).  Thus, Dr. Hiestand's four hour a day sitting restriction along with the need for a sit/stand option would certainly preclude the past relevant work.

The only other treating or examining source to identify specific physical restrictions was Dr. Twyman.  When Dr. Twyman's limitations were presented to Miller, he could name no jobs which could still be performed.  (Tr. 432).  Thus, the medical record still does not support the administrative decision and another remand of the action is required.

Wynn argues that the ALJ erred in failing to give controlling weight to the opinion of Dr. Twyman.  The ALJ largely relied upon the opinion of Dr. Hiestand in reaching this conclusion.  (Tr. 364).  However, the Court notes that Dr. Hiestand examined the plaintiff in January of 2004 (Tr. 407) while Dr. Twyman's opinion was issued in May of 2000.  (Tr. 318-321).  Due to the lengthy time gap between these two opinions, Dr. Hiestand's findings may represent an improvement in the plaintiff's condition and, so, his opinion would not necessarily be inconsistent with Dr. Twyman's severe restrictions in 2000.  Dr. Twyman's report might at least support a closed period of benefits for the time frame prior to Dr. Hiestand's opinion.  This issue should be explored upon remand of the action.

Wynn was found capable of performing a restricted range of light level work in an administrative decision which became final on August 21, 1996.  (Tr. 16-17).  Principles of res judicata require that the administration be bound by this decision

unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The plaintiff asserts that the ALJ erred by finding that he could now perform medium level work without specifically addressing the issue of medical improvement.[1]  The defendant argues that the ALJ at least implicitly made such a finding.  Upon remand of the action, the ALJ should deal explicitly with this issue.

Finally, Wynn asserts that the ALJ erred in dealing with his mental limitations. He notes that the ALJ purported to rely upon the opinion of psychologist Gary Maryman, an examining consultant, but that his actual mental limitations were more severe in the areas of dealing with work stresses, dealing with the public and understanding, remembering and carrying out instructions, all which were rated as being areas in which the plaintiff's level of functioning was said to be "seriously limited but not precluded."  (Tr. 404-405).   The defendant asserts that these restrictions contained in an assessment form are undercut by the statements in the

---

[1]In the July, 2000 decision, the ALJ specifically found that "new and material" evidence did not support a finding of medical improvement and the prior ALJ's light level residual functional capacity was adopted.  (Tr. 17).

06-425 Wynn

narrative portion of Maryman's report, such as that indicating that he could function well in a medium to low stress environment.  (Tr. 403).  While this undercuts the stress limitation, the other two areas appear to have greater support in the narrative report.  Upon remand, the ALJ should carefully consider the claimant's mental status.

The administrative decision must be reversed and the action again remanded to the Commissioner for further consideration.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of August, 2007.


Signed By:

G. Wix Unthank

United States Senior Judge

8